**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA – TAMPA DIVISION**

GREAT AMERICAN LEASING CORP.

    *Plaintiff*,

v.                                 Case No.

SUNSTATE WRECKER, INC.,
SUNSTATE WRECKER, LLC, and
SUNSTATE WRECKER SERVICE, INC.,

    *Defendants*.

_____/

## <u>COMPLAINT</u>

Plaintiff, Great American Leasing Corp. ("Great American"), by and through its undersigned counsel, hereby files this Complaint against Defendants, Sunstate Wrecker, Inc., Sunstate Wrecker, LLC, and Sunstate Wrecker Service, Inc. (collectively "Defendants") for conversion, unjust enrichment, fraud, and violations of Florida Statute § 713.78, and in support thereof states as follows:

### <u>PARTIES, JURISDICTION, AND VENUE</u>

1. Great American is an Illinois corporation with its principal place of business at <u>625 1st St. SE, Cedar Rapids, IA 52401</u>.

2. Sunstate Wrecker, Inc. is a Florida corporation with its principal place of business located at 3800 N. Florida Avenue, Tampa, Florida 33603 and at all times material to this action conducted business throughout Florida.

1

3.     Sunstate Wrecker, LLC is a Florida limited liability company with its principal place of business located at 3800 N. Florida Avenue, Tampa, Florida 33603 and at all times material to this action conducted business throughout Florida.

4.     According to a review of the Florida Division of Corporations website, *sunbiz.org*, the sole member of Sunstate Wrecker, LLC is Dennis Creech, whose address is listed as 5436 Ingraham Street, Tampa, Florida 33616.  Additionally, the Hillsborough County Property Appraiser lists the homestead address for Dennis Creech as 2518 Mallard Creek Drive, Seffner, Florida 33584, since 2023.  As such, upon information and belief, the sole member of Sunstate Wrecker, LLC is a citizen of the State of Florida.

5.     Sunstate Wrecker Service, Inc. is a Florida corporation with its principal place of business located at 3800 N. Florida Avenue, Tampa, Florida 33603 and at all times material to this action conducted business throughout Florida.

6.     The Defendants all go by the general business name of Sunstate Wrecker.  Furthermore, Sunstate Wrecker, Inc. and Sunstate Wrecker Service, Inc. have the same four officers/directors, Dennis Creech, Justin T. Creech, Linelle F. Creech, and Maria Soto.

7.     This Court has *in personam* jurisdiction over the Defendants as well as jurisdiction over the subject matter of this litigation, pursuant to 28 U.S.C. §

1332(a)(1) as there is complete diversity among the parties and the amount in controversy exceeds $75,000.

8.     Venue is proper pursuant to 28 U.S.C. § 1391(b) as the events giving rise to the case *sub judice* took place in Hillsborough County, Florida, and the Defendants' principal places of business are in Hillsborough County, Florida.

**FACTS COMMON TO ALL COUNTS**

9.     At all times material to this action, Great American owned a 2024 Freightliner Cascadia 126, vehicle identification number VIN 3AKJHHDR8RSUX0807 (the "Tractor") which was insured by Carolina Casualty Insurance.

10.     At all times pertinent, the Tractor had a value in excess of $100,000, exclusive of the income which it allowed Great American to generate in connection with its business.

11.     Great American leased the Tractor to T-Line Express Corporation and, pursuant to the Florida Department of Highway Safety & Motor Vehicles Traffic Crash Report (the "Traffic Crash Report"), the Tractor was operated by Mohamed Abdikadir under the motor carrier authority of GTS Transportation Corp. *See* Exhibit A.

12.     On May 5, 2024, Mohamed Abdikadir was operating the Tractor, while hauling the Trailer, when without any fault on the part of Mr. Abdikadir, the Tractor

was involved in a motor vehicle accident (the "Occurrence").  This Occurrence resulted in the fatality of the at-fault driver, Katherine Mary Ann Torowus.

13.    Following the Occurrence, the Florida Highway Patrol responded to the scene and engaged Defendants to perform nonconsensual towing and recovery services for the Tractor.  Due to the fatal nature of the Occurrence, the Florida Highway Patrol placed a Vehicle Hold on the Tractor.

14.    At no point did Great American request that Defendants perform any towing, recovery, or storage services or engage Defendants to perform any towing, recovery, or storage services related to the Tractor.

15.    On May 7, 2024, counsel for GTS Transportation Corp. (hereinafter "GTS Transportation") sent a Notice of Preservation to Defendants advising that the Tractor must not be altered or auctioned until an inspection was completed. *See* Exhibit B.

16.    On May 9, 2024, the Notice of Claim of Lien and Proposed Sale of Vehicle (the "Notice") prepared by Defendants claimed a lien on the Tractor in the total amount of $2,246.00 which consisted of $475 for towing charges; $375 for storage charges for 5 days at $75 per day; recovery charges of $1,271 and administrative fees of $125.  *See* composite Exhibit C.  The Notice further provided that $75 storage charges would continue to accumulate per day. The Notice of Proposed Sale stated that Defendants intended to sell the Tractor on June 25, 2024

at public auction conducted on its property if payment was not made prior to the sale. Notably, the Notice lists only "Sunstate Wrecker" as the Towing Operator.

17. After the Occurrence, the Tractor's value remained in excess of $100,000.00, exclusive of the income which it allowed its owner to generate in connection with its business.

18. Despite Defendants having knowledge from the Traffic Crash Report **Vehicle Hold**, *see* Exhibit D, and the Preservation Request, of T-Line Express Corporation and GTS Transportation having an interest in the Tractor, Defendants only sent copies of the Notice to Great American and PNC Bank National Association. Defendants did not provide the Notice to the statutorily required entities under Florida Statute § 713.78, to include T-Line Express Corporation, GTS Transportation Corp., and the insurer for the Tractor, Acord.

19. T-Line Express Corporation is a foreign corporation with its principal place of business in Burr Ridge, Illinois.

20. GTS Transportation Corp. is a foreign corporation with its principal place of business in Burr Ridge, Illinois.

21. Acord is a foreign non-profit with its principal place of business in Little Falls, New Jersey.

22. On May 23, 2024, the Defendants published a Notice of Public Sale at Sunstate Wrecker Service, 3800 N. Florida Avenue, Tampa, Florida 33603 to be

distributed in the Penny Saver Weekly News, Inc. with distribution in Hillsborough, Pasco, Pinellas, Hernando and Polk Counties in Florida. **Neither Plaintiff nor any of the entities with an interest in the Tractor would have the opportunity to view this Notice of Public Sale as none reside in the state of Florida.**

23. Lepa Gostiljac of GTS Transportation Corp. as well as their counsel were in communication with one or more individuals at Sunstate Wrecker throughout the legal hold of the Tractor, to include but not limited to coordinating the inspection of the vehicle which had been requested by counsel for the decedent. The dates of these communications were May 29, 2024, May 30, 2024, June 24, 2024, and August 12, 2024. At no point during these communications did Sunstate Wrecker advise it would not hold the Tractor beyond June 25, 2024 or advise of the anticipated sale.

24. On September 4, 2024, counsel for GTS Transportation Corp. was advised by decedent's counsel that the vehicle hold could be released, and on September 13, 2024, in response to its efforts to retrieve the Tractor, Sunstate Wrecker advised GTS Transportation Corp. that the truck had been sold on June 28, 2024.

25. On June 25, 2024, Defendants, via Sunstate Wrecker LLC, then submitted an Application for Certificate of Motor Vehicle Title, requesting Title for the Tractor be issued in its own name. *See* Exhibit E.

26.     On July 3, 2024, Defendants, via "Sunstate Wrecker/Dennis Creech", sold the Tractor to Sunshine State Auto Group LLC/Brian Cummings for the amount of $5,000.  *See* Exhibit F.

27.     However, by virtue of Defendants' failure to comply with Florida Statute § 713.78(4)(a), it is precluded from recovering storage charges beyond seven (7) days.  *See* Florida Statute § 713.78(9).  Accordingly, Defendants' alleged lien could not exceed $2,396.00 under Florida law.  Yet, Defendants sold the Tractor for double the amount of its lien, after failure to notify three of the five interested entities of the potential lien foreclosure.

28.     Pursuant to Florida Statute § 713.78(6), Defendants were required to provide the Notice to T-Line Express Corporation, GTS Transportation Corp., and the Tractor's insurer at least 30 days prior to sale.  It did not do so.

29.     Defendants never provided T-Line Express Corporation, GTS Transportation Corp., and/or Accord or Carolina Casualty Company with notice of the anticipated sale of the Tractor.

30.     Florida Statute § 713.78(4) expressly required Defendants to give notice to T-Line Express Corporation, GTS Transportation Corp., and the Tractor's insurer within seven (7) business days of taking possession of the Tractor that Defendants had towed the Tractor.

7

31.    Defendants failed to give the mandatory notice within seven (7) days following the Occurrence required by Florida Statute § 713.78(4).

32.    Defendants have retained the full amount received from the improper sale of the Tractor.

33.    Defendants sold the Tractor at well under its fair market value in an attempt to deprive Great American of the value of the Tractor.

34.    Great American has incurred damages associated with the replacement of the Tractor and/or the value of the Tractor as a result of Defendants' improper conduct and sale of the Tractor.

35.    Great American has incurred attorneys' fees, costs, and expenses associated with the actions, errors, and omissions of Defendants and will continue to incur the same as a result of Defendants' actions.

## COUNT I - CONVERSION

36.    Great American adopts and re-alleges paragraphs 1 through 35 as if fully set forth herein.

37.    Defendants intentionally, and without justification, exercised dominion over the Tractor by first obtaining title to the Tractor and second by selling the Tractor.

38.    Defendants deprived Great American of the possession of the Tractor to which Great American is entitled.

39.   Defendants' acts of ownership and/or dominion over the Tractor was in denial of Great American's possessory rights in the Tractor.

40.   Defendants' wrongful acts were done intentionally and with malice, as Defendants knew that they had not provided proper Notice to the entities required under Florida law.

41.   As a result of Defendant's conduct and actions, Great American has suffered and will continue to suffer damages.

WHEREFORE, Great American demands judgment against Defendants in an amount in excess of $75,000.00, plus interest, costs, attorney's fees, and punitive damages, and any such other and further relief as this Court deems just and appropriate.

## COUNT II - UNJUST ENRICHMENT

42.   Great American adopts and re-alleges paragraphs 1 through 35 as if fully set forth herein.

43.   Great American conferred a benefit on Defendants by providing it with the Tractor worth far more than the Defendants' alleged claim of lien.

44.   Defendants voluntarily accepted and retained this benefit for their gain, including by selling the Tractor for an amount in excess of its lien amount.

45. Defendants had knowledge of the benefit conferred by Great American in that Defendants knew that the value of the Tractor far exceeded its alleged claim of lien.

46. Under the circumstances, it would be inequitable for Defendants to retain the benefit of the Tractor sale without paying Great American the fair value of the Tractor less any *valid* towing and storage fees.

WHEREFORE, Great American demands judgment against Defendants in an amount in excess of $75,000.00, plus interest, costs, and attorney's fees, and any such other and further relief as this Court deems just and appropriate.

## COUNT III – FRAUD

47. Great American adopts and re-alleges paragraphs 1 through 35 as if fully set forth herein.

48. Defendants intentionally and knowingly made false representations of material fact to GTS Transportation and its counsel regarding its continued hold of the subject Tractor, including but not limited to its omission of the sale of the tractor both before and after the sale.

49. Defendants made these false representations of material fact knowing that it did not intend to hold the Tractor but instead intended to sell the Tractor at auction.

50. Defendants made these false representations with knowledge of their falsity and with the intention of having GTS Transportation and Great American rely on them.

51. GTS Transportation and Great American reasonably relied on the Defendants' false representations when they failed to take immediate steps to preclude the Tractor's sale through Court intervention, as they were not made aware that such actions would be necessary.

52. Great American suffered damages as a result of its reasonable reliance on Defendants' false representations.

WHEREFORE, Great American demands judgment against Defendants in an amount in excess of $75,000, plus treble damages, interest, costs, attorney's fees, and punitive damages, and any such other and further relief as this Court deems just and appropriate.

## COUNT IV – VIOLATION OF FLORIDA STATUTE § 713.78

53. Great American hereby incorporates by reference Paragraphs 1 through 34 of the Complaint as if fully set forth herein.

54. Defendants are regularly engaged in the business of recovering, towing, or storing vehicles, including upon the request of any law enforcement agency. Accordingly, Defendants are governed by Florida Statute § 713.78 and must be familiar with the requirements of same.

11

55.    Defendants failed to comply with the mandatory notice requirements provided by Florida Statute § 713.78.

56.    Great American was injured by the Defendants' failure to comply with Florida Statute § 713.78.

WHEREFORE, Great American demands judgment against Defendants in an amount in excess of $75,000.00, plus interest, costs, and attorney's fees, and any such other and further relief as this Court deems just and appropriate.

/s Libbie Reese
LIBBIE REESE, ESQUIRE
Florida Bar No. 0091967
Alvarez, Thompson & Smoak, P.A.
P.O. Box 3511
Orlando FL 32802-3511
Phone:  (407) 210-2796
Facsimile: (407) 210-2795
Counsel for Plaintiff
*Designated Email Addresses:*
*lreese@atslawyers.com;*
*lporter@atslawyers.com*.